**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

SEP - 7 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Vincent Michael Marino )
14431-038 USP Pollock )
P.O. Box 2099 Pollock, Louisiana 71467 )
Plaintiff, )
V. )
W.A. Sherrod, Warden USP Pollock, La; )
Jodi Wampler, Legal Advisor USP Pollock La; )
Defendant's. )
)
)

Case: 1:11-cv-01615
Assigned To : Collyer, Rosemary M.
Assign. Date : 9/7/2011
Description: Pro Se Gen. Civil

Bivens Civil Action
28 U.S.C. Section 1331
(Federal Question) August 29, 2011·

# COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF UNDER BIVENS V. SIX UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971)

## I. Preliminary Statement

This is a civil rights Bivens Action Complaint for Declaratory, Injunctive and Monetary Relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) filed by Plaintiff: Vincent Michael Marino, aka Vincent Michael Portalla (hereinafter referred to as "Marino"), alleging violations of the First Amendment (Freedom of Speech) Fourth Amendment (Illegal Search & Seizures) and violations of Due Process of Law Clauses of the Fifth, Sixth and Fourteenth Amendments and the Eighth Amendment (Cruel and Unusual Punishment) to the United States Constitution.

Plaintiff Marino seeks relief in the form of a Preliminary Injunction, Declaratory and Monetary Relief. Remedial damages, actual damages, declaratory judgment and punitive award. Plaintiff Marino demands a jury trial, under the Speedy Trial Act of 1974.

## II. Jurisdiction and Venue

This Court has subjection matter jurisdiction pursuant to 28 U.S.C. Sections 1331 (Federal Question) and 1343(a)(3). A substantial part of events giving rise to the claims herein alleged occurred within the Federal Bureau of Prisons headquarters are based and in control in Washington, D.C. therefore venue proper in this District pursuant to 28 U.S.C. Section 1391(b).



**RECEIVED**

SEP - 7 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1



RECEIVED
Mail Room

SFP — 1 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## III. Parties

[1] **Plaintiff: Vincent Michael Marino** (aka) Vincent Michael Portalla, is a Federal Prisoner currently being housed at the United States Penitentiary Pollock P.O. Box 2099 Pollock, Louisiana.

[2] **Defendant: W.A. Sherrod** is a Federal Bureau of Prisons Warden with the United States Department of Justice. At the time of the alleged claims this Defendant was the Warden of USP Pollock P.O. Box 2099 Pollock, Louisiana 71467 within the Federal Bureau of Prisons, based and controlled in Washington, D.C. at the Federal Bureau of Prisons Central Office 320 First Street N.W. Washington, D.C. 20534, This Defendant is being sued in his individual capacity.

[3] **Defendant: Jodi Wampler**, is a Federal Bureau of Prisons Legal Advisor to W.A. Sherrod and to the Federal Bureau of Prisons at USP Pollock P.O. Box 2099 Pollock, Louisiana 71467 within the Federal Bureau of Prisons, based and controlled in Washington, D.C. at the Federal Bureau of Prisons Central Office 320 First Street N.W. Washington, D.C. 20534, This Defendants is being sued in her individual capacity.

## *Background*

[4] On August 31, 2010, Marino requested that the United States of America Department of Justice's employees Defendant: Ms. Jodi Wampler "Notarize" Marino's civil/commercial legal document which is filed against ***Partners Health Care Systems Incorporated, Boston, Massachusetts,*** whom is liable for criminal, civil & commercial violations against Marino, as Marino possesses core independently corroborated medical, Court, affidavit & technological documentation proving that Marino was on November 24, 1996 while under general anesthesia at the Massachusetts General Hospital Boston, Massachusetts (Owned by Partners Health Care Systems Inc.) covertly implanted numerous devices in Marino's brain & body without Marino's valid consent & without a valid court warrant in support, See *Marino v. Gammel, 191 F.Supp.2d 243-256 (D.Mass.2002). United States of America's employees W.A. Sherrod & Jodi Wampler's core ACTIONS ARE* **UNCONSTITUTIONAL** *by seizing Plaintiff Marino's out-going legal mail which contained a complaint against: Partners Health Care Systems Inc. generating this Federal Bivens Civil Action*

[5] Defendants: Warden Sherrod's Legal Counsel & adviser **Ms. Jodi Wampler**, refused to "Notarize" Marino's legal document & retaliated against Marino, by **Unconstitutionally** seizing Marino's outgoing legal mail for filing a complaint against Partners Health Care Systems Incorporated Boston, Massachusetts by ordering Marino's placement in a filthy inhuman cell for over 2 hours without explanation, & "Unconstitutionally" preventing Marino's complaint against Partners Health Care Systems Inc. as described supra.

[6] Additionally, Warden's Legal Advisor **Jodi Wampler**, ***"Unconstitutionally"*** prevented Marino from sending out Legal Mail/Certified Mail/Return Receipt #7009-2250-0002-8180-

8330 attached to Marino's manila envelope stamped & dated & addressed to Partners Health Care Systems Inc., by negligently seizing it, which contained Marino's complaint against Partners Health Care Systems Incorporated Boston, Massachusetts, which shows Partners criminal, civil & commercial violations against Marino, both historic & current. In violations of the 1st, 4th, 5th, 6th, 8th, & 14th Amendments of the United States Constitution.

[7] Moreover, while Marino, was being *"Unconstitutionally"* retaliated against via supra, *Jodi Wampler* went to Marino's Cell #437, C-4 unit and trashed Marino's Legal Work, Court Documents both Criminal and Civil actions see as follows: Criminal action: *U.S. v. Marino*, CR-97-40009-NMG., Civil action: *Marino v. Gammel*, 191 F.Supp.2d 243 (D.Mass.2002), Criminal action: *U.S. v. Marino*, CR-97-10026-JLT., Civil action: *Marino v. Kastner*, 10-cv-664-DLR. (W.D. Oklahoma, 2010), and ripped Marino's young sons picture in half.
 Also United States Department of Justice Employee Ms. Jodi *Wampler "Unconstitutionally"* stole 12" of assorted legal work, supra, done as retaliation against Marino for filing a complaint against Partners Health Care Systems Inc., without any transparent corresponding accountability. [N]ote United States Department of Justice employee Defendant: Ms. Jodi Wampler *"Unconstitutionally"* deemed Marino's complaint against Partners Health Care Systems Inc., as contraband?

See **Exhibit:** *Confiscation and Disposition of Contraband Receipt/U.S. Department of Justice/Federal Bureau of Prisons, dated August 31, 2010, signed by Jodi Wampler.*

[8] Additionally, the seized legal documents are on record with the United States Attorney General's Office & specifically sent to the Honorable Eric Holder, Attorney General, whom forwarded to the Executive office of the United States Attorney's (EOUSA'S), whom reviewed it & suggested that Marino should appeal to the DOJ's Office of the Inspector General (OIG), at 950 Pennsylvania Avenue, N.W., Room 4706, Washington, DC 20530, for further investigation. Marino exhausted his administrative remedies See **BP-11 Administrative Remedy ID # 607197-A1** Also See Administrative Tort Claim No. TRT-SCR-2010-06783, denied on March 8, 2011, via certified mail #7005-1820-0002-2454-1355 from U.S. Department of Justice Federal Bureau of Prisons South Central Regional Office 4211 Cedar Springs Road, Suite 300 Dallas, Texas 75219. See Exhibit: FBOP signed by Jason Sickler Regional Counsel, enclosed herein, in support.

See **Exhibit:** *U.S. Department of Justice Executive Office of the U.S. Attorneys Washington, DC 20530, General Counsel's office dated February 19, 2010, signed by General Counsel Jay Macklin.*

## *Issues Presented For Review*

[9] **Ground One**: Whether Defendants W.A. Sherrod and Jodi Wampler committed Unconstitutional acts violating Marino's First, Fourth, Fifth, & Sixth and Eighth Amendments of the United States Constitution when Defendants: Legal Advisor *Jodi Wampler & Warden W.A. Sherrod* seized Marino's Complaint  Legal Mail, *Intentionally prevented Plaintiff  Marino's*

commercial & civil court documents on August 31, 2010 from being mailed out via in the United States Mail, without Marino's permission & without a valid court warrant intentionally preventing Plaintiff Marino's out-going legal mail from being sent in the United States Prison Legal Mail Room to be sent out to Partners Health Care Systems Inc., a non government agency?

**Ground Two:** Whether Defendants W.A. Sherrod & Jodi Wampler intentionally & unconstitutionally preventing Marino from proving that he may be suffering from "irreparable harm" because of the implanted devices in Marino's brain & body by the United States government depicted in his Complaint against Partners Health Care Systems Inc., by United States Government Officials: *USP Pollock's Legal Advisor: Jodi Wampler & USP Pollock's Warden W.A. Sherrod's "unconstitutionally"* seizing Marino's legal civil, & commercial complaint & documents which would have shown that Marino is suffering from life threatening historic & current governmental experiment unconstitutionally being covered up by Defendants: W.A. Sherrod Warden of the United States Penitentiary Pollock & Warden Sherrod's Legal Advisor Jodi Wampler *intentionally* conspiring with the defendants/agency described in Marino's current civil action depicted under Marino v. Central Intelligence Agency (CIA), et al., civil action #11-cv-813-RMC.(District of Columbia Washington 2011), docketed on April 29th, 2011.

Showing egregious conduct by Defendants described in Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C. 2011) with Defendants: W.A. Sherrod & Jodi Wampler *unconstitutionally* against Plaintiff Marino from November 24, 1996 through current date 2011 without any transparent corresponding accountability. Defendants Sherrod & Wampler is also covering up criminal violations of statutory laws as well as civil violations.

**Ground Three:** Whether Defendants: *Sherrod & Wampler* **retaliated** against Marino for filing prior administrative remedies & Section 2241's, preventing Marino from proving additional governmental egregious misconduct and constitutional violations showing that Plaintiff Marino is implanted *"Unconstitutionally"* with a device or devices in his body & or brain by government officials & Corporation: Partners Health Care Systems Incorporated, by government's seizing Marino's Legal Mail, Court documents, criminal, civil & commercial legal documents generated governmental core intentional unconstitutional acts, interference & misconduct?

**Ground Four:** Whether Defendants: *Wampler & Sherrod's core unconstitutional* actions on August 31, 2010, supra, by *unconstitutionally* seizing Marino's legal mail, civil, criminal & commercial legal documents, preventing Marino from receiving a MRI test exam to Marino's entire body, to ascertain whether the government agents statements to Marino that he was implanted with electronic devices in his body while Marino was under general anesthesia at the Massachusetts General Hospital, Boston, Massachusetts on November 24, 1996, for a gunshot wound to Marino's upper left buttocks area of his body while under FBI roving surveillance Court & Executive Order from November 13, 1996 to December 13, 1996, in which the implanted devices are causing Marino potential irreparable harm, nose bleeds, headaches & sleepless nights? See *Exhibit/Appendix: Office of Professional Responsibility Investigation Report*

**Ground Five:**  Whether Defendants Sherrod and Wampler's intentional and unconstitutional current actions inaccurately depicting Marino as a terrorist, Sovereign Citizen, and a member of a militia false information placed Plaintiff Marino on the FBI's Top Terrorist Watch List because Marino filed Federal Bureau of Prisons/Dept of Justice's Administrative Remedy on both Wampler & Sherrod for unconstitutionally confiscating Marino's outgoing legal mail and other legal material designed to prevent Marino from exercising his inherent due process, 1st, 4th, 5th, 6th, 8th, and 14th amendments of the United States Constitution which clearly adversely affects Marino as this false & misleading information has unconstitutionally generated the application of the Patriot Act provisions upon Marino & his in coming and out going legal mail and also facilitated extremely intrusive surveillance upon Plaintiff Marino under Title 50 U.S.C. Section 1805(e) 2006 (authorizing  various types of National Security electronic surveillance for 90 days, 120 days, and 1 year periods and permitting multiple extensions of time)?

## Defendants: Warden Sherrod & Counsel Jodi Wampler's Unconstitutional Actions to cover up & Retaliation against Marino, by Blocking, Marino from Proving & Showing That He Is a Unwilling Government Experiment

[10] It appears that Defendants: **Warden Sherrod** & his Legal Counsel **Ms. Jodi Wampler**, may be Covering up additional unconstitutional actions by individual government agents & others both known & unknown blocking a Federal investigation, Marino's access to the Courts, Criminal, Civil & Commercial forums & covering up egregious misconduct by certain governmental employees & a Multi-Billion Dollar Corporation's outrageous inhuman misconduct against Marino, since November 24, 1996 & since the devices remain implanted in Marino, the Criminal, Civil & Commercial Statutes of Limitations has not ended & this criminal, civil & commercial conspiracy remains continuous & on going, as Marino requests an "Independent Counsel" investigation utilizing subpoena powers, grand juries and other vehicles to further  root out the truth.

[11] Marino requests an opportunity to cross examine Defendants: Counsel: **Jodi Wampler** & **Warden Sherrod** on the witness stand as well as other culpable individuals, concerning their cover ups & retaliatory actions against Marino. And for the respondents & government to produce all **"Immunity Agreements"** that was granted to Defendants: **Sherrod & Wampler**, immunizing them to tamper with Marino's United States Mail & showing that Warden Sherrod & Legal Advisor is also **Unconstitutionally & unlawfully** covering up the historic & current covert human experiments being conducted on Marino's brain & body in collaboration with the defendants in Marino v. CIA, et al., civil action #11-cv-813-RMC., (Washington, D.C. 2011) assigned to judge Rosemary M. Collyer, United States District Court Judge District of Columbia, under Federal Rules of Civil Procedure Rules 34 & 34(a), & Rules 26-37.

## Because of Defendants: Sherrod & Wampler's Intentional Core Unconstitutional Actions Against  Marino, Preventing  Marino From Showing That Marino Could be Suffering Irreparable Harm Because of the Devices Implanted In His Body & Brain Is Generating

**Electromagnetic Radiation to & from His Body & Brain Without his Valid Consent & Without a Valid Court Warrant By Those Known & Unknown Corporation & Government Intelligence Agents, Military & Federal Agents By:**

Unconstitutionally and intentionally Preventing Marino's Legal Mail Complaint Against Partners Health Care Systems Inc from Being Sent out via United States Mail to Partners Health Care Systems Incorporated

## Requiring an MRI Test Exam to Marino's Entire Body

[12] Marino, additionally requests a Magnetic Resonance Imaging (MRI), test exam to Marino's entire body & brain, under *Fed.R.Civ.P. Rule 35 (Medical Test Exam)* to ascertain the locations of the implanted devices in Marino's brain & body implanted by the United States government & Partners Health Care Systems Incorporated are culpable in Marino's claims, at Marino's financial expense. Marino could place $5,000 in an escrow medical MRI account towards the test exam, and the results could be sent to this Court, the Office of Professional Responsibility (OPR), Inspector General & Independent Counsel.

[13] Also because of the United States Government's core negligence.

Marino is suffering *"irreparable harm"* while the devices remain implanted in Marino's entire body & brain which is historically November 24, 1996 & currently 2011 transmitting & receiving electromagnetic radiation intelligence (RADINT) to & from Marino's brain & body without Marino's valid consent & without a valid court warrant. Generating *Marino v. CIA, et al., civil action # 11-cv-813-RMC. (Washington D.C.2011),* Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002), Marino v. Massachusetts General Hospital, et al., civil action #5655H. Suffolk County Suffolk Superior Court Boston Massachusetts, showing some background.

See **Exhibit:** *X-Ray Report Number 4238607,* by Massachusetts General Hospital (MGH), Boston, Massachusetts. Generated on November 27, 1996, showing Marino has an *"Artifact"* implanted in his abdominal long after the entire bullet was removed by the MGH, on November 24, 1996.

**Appendix** *#47-50.* According to the 26th Edition of Dorland's Medical Dictionary copyright 2001 ISBN #0-7216-8281-2 page 87, states as follows:

*"arti-fact: (ahr'ti-fakt") any artificial (manmade) product; anything not naturally present, but introduced by some external source."*

Also see On October 12, 2001, an additional X-Ray was conducted on Marino by the United States Department of Justice showing Marino is implanted with additional *"Foreign Bodies"* in

his torso. See X-Ray #11157, by Radiologist Dr. M. Berman, M.D. See **Appendix #51 (X-Ray Results).**

## Memorandum

## Of Law in Support

### Defendants: Warden Sherrod & Legal Advisor Jodi Wampler's Core Intentional Actions Are Unlawful & Unconstitutionally against Marino

[14] Of whether inmate has alleged governmental unlawful & unconstitutionally involves two steps: whether any inmate's inherent rights are infringed by the alleged conduct and, if so, whether that infringement rises to the level of a negligence violation given the specialized standard of review applied to prison regulations and practices. Prisoners (Marino) do not forfeit his rights to use of the mails. Defendants: *Sherrod & Wampler* seizing Marino's Legal Mail Civil & Commercial documents enclosed in a stamped envelope with attached Certified Mail/Return Receipt upon it preventing it from being sent out to Partner Health Care System Inc., a corporation whom is culpable in criminal, civil & commercial liabilities, infringes communications protected under the First Amendment of the United States Constitution against governmental negligence such practice chills protected expression and may *"Unconstitutionally"* inhibit inmate's (Marino's), ability to speak, protest, and complain openly, directly, and without reservation to court, from filing a complaint in commercial, civil, & criminal forums or tribunals. In violations of the 1st, 4th, 5th, 6th, 8th, & 14th Amendments of the U.S. Constitution.
Marino Suffered Actual Injury To Send Partners Health Care Systems Inc., Its Third Notice Timely When Defendants: Wampler At Warden Sherrod's Direction "Unconstitutionally" Seized Marino's Outgoing Legal Mail/Certified Mail/Return Receipt #7009-2250-0002-8180-8330

[15] Titled: on manila envelope: *Marino v. Partners Health Care Systems Inc.,* with certified mail/return receipt #7009-2250-0002-8180-8330, attached to manila envelope & over $6.00 in United States, .44 cent stamps applied to manila envelope ready to mail out in prison mail room. Marino clearly showing actual injury since August 31, 2010, Defendants: Warden: *Sherrod &* his Legal *Counsel Jodi Wampler*, failed to return Marino's Legal Mail described supra & other, Criminal, Civil, & Commercial legal documents, as of this current date of this filing well over one year. Moreover, prison staff is also forbidden to even reading of prisoner's (Marino's) legal mail, clearly *"Unconstitutionally"* infringes prisoner's Marino's complaint against Partner Health Care Systems Inc., in violations of Marino's 1st Amendment Right to freedom of Speech and to file a Petition against government's improper and unconstitutional actions.

### Defendants: W.A. Sherrod and Jodi Wampler's Seizing Marino's Legal Mail, Commercial, Civil, & Criminal Documents Liable Under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotic, 403 U.S. 388 (1971), Civil Action And Are Not Entitled To Qualified Immunity

[16] Prison officials *were not* entitled to qualified immunity with respect to inmate's (Marino's) claim that individual officials violated Marino's inherent rights by seizing, opening, reading & copying Marino's legal mail, legal work outside the presence of Marino, & preventing his legal mail from going out, contours of officials' legal obligation under the regulation and  were sufficiently clear that reasonable official would understand  the reading, opening & seizing Marino's legal mail, commercial, civil, & criminal documents outside of Marino's presence generated core unlawful & unconstitutional actions conducted  by Defendants: *Sherrod & Wampler*  is actionable under Bivens v, Six Unknown Agents of the Bureau of Narcotics, 403 U.S. 388 (1971).

 In Bivens, the Supreme Court  recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. Section 1983. A civil rights action is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

Defendants: W.A. Sherrod & his Legal Advisor Jodi Wampler's core intentional *"Unconstitutional Actions"* for confiscating Marino's out-going legal mail that was contained in a Legal Manila Envelope with over $6.00 in United States Postage & a Certified Mail tag attached to it addressed to a non government agency a Billion Dollar Corporation: Partners Health Care Systems Inc., based in Boston, Massachusetts owners of the Massachusetts General Hospital, Boston, Massachusetts.
MGH which help conduct the covert implantation of numerous devices in Plaintiff Marino's brain & body while Marino was under general anesthesia for a *"ruse"* laparoscopic exploratory surgery & bullet removal from a gunshot wound to Marino's left upper buttock's area of Marino's body on November 24, 1996 without Marino's valid consent & without a valid court warrant.

 Which the conduct of the Defendants: Sherrod and  Wampler's core unconstitutional acts generated this Bivens Civil Action & *Marino v. Central Intelligence Agency, et al., civil action #11-cv-813-RMC. (District of Columbia Washington 2011)* lawsuit pending against 29 separate Federal, Defense & Intelligence agencies defendants, pending in Washington, D.C. *unconstitutionally* blocking Marino from filing a complaint against Partners Health Care Systems Inc showing Partners Health Care Systems Incorporated core "negligence against Marino" & *"Unconstitutionally"* preventing Marino from proving that Marino is suffering further irreparable harm from the implanted devices continuously generating radiation (RADINT) intelligence transmitting & receiving electromagnetic radiation to & from the

implanted devices in Marino's brain & body causing Marino "irreparable harm since November 24, 1996 through & continuously 2011."

## Defendants:  Sherrod & Jodi Wampler must follow the Rules included:

[17] *"Standards relating to the government lawyers of Prosecution Function" which in* **PF 7(A)** *reiterated this requirement, in addition, PF provided that, "It is unprofessional conduct for government lawyers Defendant:* (**Jodi Wampler**)*, to intentionally misrepresent matters of fact or law to the Court or government."*

Note the current counter-parts of the relevant standards are in **Rule 3:07** of the Rules of Professional Conduct, including **Rules 3.4(a) and 3.8(d).** Fundamental fairness and public confidence in Defendants: *W.A. Sherrod* & *Jodi Wampler*, individually, officials require that the government be held to "meticulous standards of both promise & performance." See *Correale v. U.S.*, 479 F.2d 944, 947 (1st Cir.1973).

## Additional Memorandum of Law

[18] FTCA's broad waiver of immunity does not apply here. Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995); See also Hydrogen Technology Corp. v. United States, 831 .2d 1155, 1162, n.6 (1st Cir.1987).

[19] Plaintiff Marino have carried this burden by showing that Defendants: W.A. Sherrod & his Legal Advisor Ms. Jodi Wampler's "Unconstitutional"  actions against Plaintiff Marino strayed outside of the bounds set on their discretion by Statute, and their own rules & regulations. Or rules that bind them. See Muniz-Rivera v. United States, 326 F.3d 8, 5 (1st Cir.2003). Where government agents Defendants: Sherrod & Wampler took illegal unconstitutional actions, as when they acted outside their discretion when they ***"Unconstitutionally"*** seized Marino's out-going legal mail on August 31, 2010, which contains a complaint against Partners Health Care Systems Inc showing a much greater form of governmental and Corporate unconstitutional misconduct which Defendants: Sherrod & Wampler are involved & intentionally unconstitutionally covering up.Where their actions of Defendants: Sherrod and Wampler against Plaintiff Marino described supra they acted outside of their discretion. Where their actions were in violations of the Department of Justice's rules & regulations, they acted outside their discretion.

[20] To prevail on a claim of unconstitutional or malicious misconduct by the Defendants: Sherrod and  Wampler, a suitor must prove that the defendants (Sherrod & Wampler) *(i)* instituted unconstitutional acts *(ii)* with malice and *(iii)* without probable cause, and *(iv)* that the unconstitutional actions of the Defendants: Sherrod & Wampler were terminated in the inmates (Plaintiff Marino's) favor. See ***Marino v. CIA, et al., civil action #11-cv-813-RMC., (Washington, D.C. 2011)***.

[21] In broad brush, an individual United States Government employees: (Sherrod & Wampler) may be said to have attempted to institute criminal proceedings against Plaintiff Marino for filing

his complaint against Partners Health Care Systems Inc., by fraudulently stating that Marino has filed or attempted to file a *"False Lien"* on a federal judge or federal employee. First, Marino did not file anything false against anyone. Second, Marino did not file a lien against a federal judge or federal employee. Thus, Marino could have filed a valid lien against anyone including a federal judge or a federal employee as long as it is a valid lien.

[22] The paradigmatic example exists when a person formally swears out a criminal complaint against another person. But malicious prosecution is by no means restricted to this paradigm. If the individual induces another person Defendants: Warden Sherrod inducing Legal Advisor Wampler to seize Marino's Legal Mail & legal work, to lodge formal criminal charges, he may be held to have instituted or attempted to institute the criminal proceedings. So, too, if the individual either exercises a peculiar degree of control over the charging official or adamantly presses that official/individual Defendants: Wampler to bring a criminal complaint, he may be held responsible for the institution of the prosecution or attempted prosecution.

Defendants: Sherrod and Jodi Wampler's stipulated to Plaintiff Marino that she is referring Marino's seized out going legal mail which contains Marino's **"VALID"** complaint against Partners Health Care Systems Inc., to the FBI & United States Attorney's Office for prosecution. A form of retaliation & core negligence by the United States ( United States Department of Justice, Federal Bureau of Prisons employees Warden W.A. Sherrod & Legal Advisor Ms. Jodi Wampler)

### *United States government officials: Warden W.A. Sherrod acquiescence to United States government official Legal Advisor Jodi Wampler's intentional unconstitutional acts against Marino on August 31, 2010.*

Which Marino did not commit any violations of any Federal & or State Statutes.
Warden Sherrod's response to Marino Administrative Remedy BP-9 independently corroborates Warden Sherrod's approval of Legal Advisor Jodi Wampler's core Negligence against Marino, when Warden Sherrod failed to order the return of Marino's Legal Mail & Pending Court documents & legal work.
See Warden Sherrod's Legal Advisor Jodi Wampler's Receipt showing she seized 12" of Marino's legal mail & legal work pending Court documents on August 31, 2010, *"Negligently."* See Warden Sherrod's response to Marino's Administrative remedy BP-9 **Remedy ID # 607197-A1**, in support herein.

Hence, this case shows since the Defendants: Sherrod and Wampler stipulated that on August 31, 2010, that they seized Marino's out going legal mail which had over $6.00 in United States Postage Stamps applied to a legal manila envelope addressed to Partners Health Care Systems Inc., Boston, Massachusetts which contained a Civil/Commercial Complaint Against Partners health Care Systems Inc, concerning issues presented in Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002) & Marino v. Massachusetts General Hospital. Et al., civil action #99-5655H., Suffolk Superior Court Boston, Massachusetts and Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C. 2011) Pending in front of Judge Rosemary M. Collyer.

And also unconstitutionally confiscated by the Defendants: Sherrod & Wampler were additional 12" of assorted legal work, legal mail concerning pending civil & criminal litigation under United States v. Marino, CR-97-40009-NMG. (D.Mass.Boston) etc, thus there remains no material fact issue in dispute or in controversy, clearly independently supporting Plaintiff Marino's claims presented in this Bivens civil action supporting defendants Sherrod and Wamplers violations of the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the U.S. Constitution & Marino's Due Process. See Defendants: Wampler & Sherrod's Receipt admitting that on August 31, 2010 they confiscated Marino's legal mail & additional 12" of assorted legal work.

[23] The proven findings of intentional unconstitutional acts by the Defendants: Sherrod and Wampler are based on the totality of Defendant: Sherrod's & his Legal Advisor Wampler's conduct as described supra, of which those claims are not only part of a much larger form of "egregious misconduct" by others in the United States which Warden Sherrod & Legal Advisor Wampler inadvertently help expose through their core unconstitutional actions against Plaintiff Marino.

That totality cannot remotely fit within the discretionary function exception without doing violence to every thing for which our country stands. As its title implies, the discretionary function exception immunizes only the conduct of agents exercising judgment within their lawful discretion *NO* government actor has "discretion to *Unconstitutionally seize Plaintiff Marino's out-going legal mail"* which contains a complaint against a non-government entity for additional unlawful conduct that the defendants: Sherrod and Wampler are wholly culpable in. See *Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C. 2011).* Also see Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002), Marino v. Massachusetts General Hospital, et al., civil action #99-5655H, filed in Suffolk County Boston, Massachusetts, Suffolk Superior Court.

[24] The mere provision of false information cannot alone ground a malicious continuation finding. More is required, such as an insistence that the attempted prosecution go forward even after it has become clear that probable cause is lacking. Marino did not file a false lien against anyone. Marino did not file a false lien against a federal judge or a federal employee. Marino filed a *VALID* complaint against Partners Health Care Systems Inc., whom played a central role in the November 24, 1996 implantation of numerous devices in Marino's brain & body while Marino was under general anesthesia for a *"Ruse"* Laparoscopic exploratory surgery & bullet removal at the Massachusetts General Hospital, Boston, Massachusetts without Marino's valid consent & without a valid court warrant. As seen in Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C.2011) pending.

MGH is owned by Partners Health Care Systems Inc. a multi billion dollar corporation who recently retained high powered lawyer & former chief Suffolk County District Attorney of Boston now in private practice Mr. James Hamrock, used to cover up the historic & current egregious Negligence experiment conducted on Marino that Defendants: Warden Sherrod & Legal Advisor Wampler is so intent to *unconstitutionally cover up,* as their unlawful conduct so supports.

11

[25] Under Bivens, an individual is liable for intentional infliction of emotional distress when the Defendants:  Warden Sherrod and  Legal Advisor Wampler by extreme and outrageous conduct and without privilege, causes severe emotional distress to another Plaintiff Marino, described supra.

[26] Congress did not waive the federal government's immunity from actions arising out of malicious unconstitutional actions of Defendants: Sherrod's & Wamplers's & their cover up of the November 24, 1996 while Marino was under general anesthesia implantation of numerous devices in Marino's brain & body without Marino's valid consent & without a valid court warrant. See Background under: Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C. 2011) pending. Also see: Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002); Marino v. Massachusetts General Hospital, et al., civil action #99-5655H. Suffolk Superior Court Boston, Massachusetts, supporting on going historic & current human rights & constitutional violations against Plaintiff Marino without any transparent corresponding accountability.

[27] Defendants are precluded from immunity with respect to claims arising out of certain enumerated torts and or Bivens civil actions. Because intentional infliction of emotional distress never has been on the roster of excluded torts listed in **Section 2680(h),** intentional infliction claims are not per se barred by the provision. Be that as it may, the reach of **Section 2680(h)** is not limited to specifically enumerated torts. Rather, that provision deprives a district court of jurisdiction over a claim whenever the claim is, or arises out of, a specifically enumerated tort. This framework applies to claims for intentional infliction of emotional distress on Plaintiff Marino.

[28] Plaintiff Marino has the right to plead alternative theories of liability, **Fed.R.Civ.P. 8 (d)** and their exercise of that right does not debar Marino from an independent review of each set or claims.

[29] Plaintiff Marino claims ***intentional infliction of emotional distress*** to make out that claim under Federal law, Marino must prove the following:

(1) That the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his Defendants: Sherrod's and Wampler's unconstitutional conduct;

(2) That the conduct was extreme and outrageous was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

(3) That the actions of Defendants: Sherrod & Wampler were the cause of the Plaintiff Marino's distress; and

(4) That the emotional distress sustained by Plaintiff Marino was severe and of a nature that no reasonable man could be expected to endure it. The November 24, 1996 implantation of numerous devices in Marino's brain & body while under general anesthesia by the United States of America's employee's Federal Bureau of Prisons, Department of Justice, Department of

Defense, CIA, NSA, NASA, DIA, GIA, FBI, DEA, others known & unknown & thereafter the
1996 through current date 2011 egregious unconstitutional experiment of Marino's brain & body
at Marino's physical & mental health expense without Marino's valid consent & without a valid
court warrant, causing Marino both irreparable harm & emotional distress, generated from
"Intentionally" precluding Marino's out-going legal mail/complaint against Partners Health Care
Systems Inc., showing supra, was unconstitutionally seized by the Defendants: Sherrod &
Wampler.

[30] The clearly erroneous standard loses no vigor even when the lower court's findings do not
rest on credibility determinations, but based instead on physical or documentary evidence or
inferences from other facts. Also showing that a historic & current experiment, research &
development, study is both historic & current being conducted on Marino which is causing
Marino *"irreparable harm"* mental duress & mental anguish & *emotional distress.* The
application of clear-error review to findings drawn from a paper record, video surveillance has
been the practice in the U.S. Court of Appeals. Fed.R.Civ.P. Rule 52(a), as Defendants: Warden
Sherrod & Legal Advisor Wampler's intentional unconstitutional actions described supra
*facilitated a covered up.*

[31] A finding of extreme and outrageous conduct may be grounded either on actual knowledge
of on a defendant's deliberate disregard of a substantial probability that his & her actions will
produce severe emotional distress, generated from Defendants: (Sherrod & Wampler's) core
*unconstitutional actions* described supra.

[32] Claims for intentional infliction of emotional distress may be founded on a pattern of
misconduct.

[33] A duty to prevent harm to others arises when one creates a dangerous situation, whether that
situation was created intentionally by the Defendants: Sherrod & Wampler by covering up more
serious constitutional violations described in Marino v. Gammel, 191 F.Supp.2d 243-257
(D.Mass.2002) & via *Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington
D.C.2011)* unconstitutionally blocking Marino from proving he is suffering irreparable harm
from United States government's surgery on Marino on November 24, 1996 while placed under
general anesthesia the government unlawfully implanted Marino with numerous devices in
Marino's brain & body without Marino's valid consent & without a valid court warrant.

The implanted devices remain implanted in Marino's brain body causing Marino irreparable
harm, generating a *"compelling need"* means that failure to obtain requested records on an
expedited basis under this civil action could reasonably be expected to pose an imminent threat
to the life or physical safety of an individual Plaintiff Marino if the government fails to
immediately stipulate to the locations of the electronic implanted devices in Marino's brain &
body & whether the devices is causing Marino any irreparable harm from the radiation
intelligence transmitting & receiving to & from Marino's brain & body in violations of the
United States Constitution.

[34] Causation is a fact bound issue and, as such, is normally left to the trial of facts. The
causation inquiry has *two components*: (1) proof that the harm would not have occurred but for

13

the defendant's misconduct and (2) proof that the defendant was a proximate cause of the harm. These two components may be thought of as causation in fact and legal causation.

[35] Under Federal Law, Washington, D.C. & Louisiana state law proximate cause turns largely on the foreseeable of the harm. Intervening acts of a third party will not break the causal chain if those acts were reasonably foreseeable.

[36] In Washington, D.C., Federal Law & Louisiana Law, cause of action for intentional infliction of emotional distress may succeed only if the defendant has intentionally inflicted severe emotional distress without privilege.

[37] It is elementary that the discretionary function exception does NOT immunize the government from liability for actions proscribed by federal statute or regulation. Nor does it shield conduct that transgresses Negligence or Constitutional violations.

[38] There is no scientific formula or measuring device which can be applied to place a precise dollar value on matters such as restraint of freedom, fright, anxiety, loss of face, or emotional scarring.

[39] Order the Defendants: Sherrod and Wampler to hand over discovery so that Marino can file an additional action under The FTCA looks to state law to flesh out the elements of particular torts. See **28 U.S.C. Section 1346(b)(1);** Bolduc v. United States, 402 F.3d 50, 56, (1st Cir.2005). Here, both the tortuous conduct and harm complained of occurred in Louisiana at USP Pollock P.O. Box 2099 Pollock, La 71467 while Marino is in the custody, care & control of W.A. Sherrod & Legal Advisor Jodi Wampler United States Department of Justice Federal Bureau of Prisons when Marino's out going legal mail was ***unconstitutionally*** taken from Marino by Warden W.A. Sherrod & Legal Advisor Jodi Wampler on August 31, 2010, generating this Federal Tort Claim against the United States of America. Therefore Louisiana Law & Federal Law supplies the beacon by which we must steer.

## *Relief Requested*

A. **Issue a Declaratory Judgment** declaring that the actions of Defendants: Sherrod and Wampler, constituted violations of the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the U.S. Constitution. And grant Petitioner Marino an *'evidentiary hearing'* and order a jury trial under the Speedy Trial Act of 1974.

B. **Award Compensatory Damages** in the following amounts of **$100.000** against each Defendants Sherrod and Wampler, for physical and psychological injuries sustained as a result of Plaintiff's sufferings from the violent unlawful, unconstitutional & improper action of the defendants preventing Marino from filing a complaint against Partners Health Care Systems Inc culpable in the covert surgical implantation of numerous electronic devices in Marino's brain & body while under general anesthesia at the Massachusetts General Hospital Boston, Massachusetts owned by Partners Health are Systems Inc Boston, Massachusetts. And order of this Court ordering Defendants: ***Warden Sherrod & Counsel Jodi Wampler*** to return Marino's 12" legal mail & outgoing manila envelope with over $6.00 in United States Postage Stamps

attached with a certified mail tag & the complaint against Partners Health Care Systems Inc., legal work forthwith,

C. **Award Punitive Damages** against Defendants: Sherrod and Wampler in their individual capacities in the following amounts of $100.00 against each defendant adjudged to be responsible for intentional deprecation of Plaintiff's 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the U.S. Constitution.

D. **Allow Marino to receive discovery** in the form of an MRI test exam to Marino's entire body, at Marino's expense under Fed.R.Civ.P. Rule 35 Medical Test Exam to show the locations of the implanted devices in Marino's body by those known & unknown to surgically remove the implanted devices from Marino's brain & body, to prevent further **"irreparable harm."** Also to receive documents, Audio and Video tapes within the Control of the Defendants of their agents concerning Defendants & others experiment, study, research & development generated from the November 24, 1996 surgical implantation of numerous devices in Marino's brain & body while under general anesthesia for a **"ruse"** Laparoscopic Exploratory Surgery & Bullet Removal without Marino valid consent & without a valid court warrant.

See Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C.2011) Pending adjudication in front of Judge: Rosemary M. Collyer, U.S. District Court Judge (Washington D.C.) Also see Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002).

See: Fed.R.Civ.P. Rules 34 and 34(a); Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1383 (7th Cir.1993) **(Includes Electronic Data);** Wilson v. City of Zanesville, 954 F.2d 349, 352-53 (6th Cir.1992) **(Includes Tape Recordings).**

E. **Order** the United States Department of Justice, Department of Defense, CIA, NSA, NASA, DARPA, DIA, Federal Bureau of Prisons, **to state whether Marino is suffering irreparable harm** from the implanted devices in Marino's brain & body on November 24, 1996 through present date, & or from the covert historic 1996 through present date 2011 governmental experiment conducted on Marino with the support of the United States Department of Justice & the Federal Bureau of Prisons.

F. **Allow Marino an opportunity to amend or supplement under Fed.R.Civ.P. Rule 15**, this Bivens Civil Action Claim or an opportunity to file another separate Tort Claim or to supplement this civil action once the discovery of the implanted devices in Marino's brain & body are obtained so that Marino can sue for an additional **$300 Million Dollars** against those culpable United States Government Agencies, and individuals under Bivens to further the administration of justice.

G. **Order** an **"independent counsel appointment"** to investigate & convene a federal grand jury, with subpoena powers granting some defendants immunity from prosecution to further root out the truth in this case.

15

H. **Grant** any such other relief this Court deems appropriate.


Signed under 28 U.S.C. Section 1746, under the penalties of perjury the above to be true, correct & complete. Pro Per In Propria Persona  Proceeding Sui Juris. On this: _29_ , day of August, 2011.


*Respectfully Submitted By*
*Plaintiff/Clamant/Affiant:*
*Vincent Michael Marino*
*Vincent Michael Marino*
*14431-038*
*USP Pollock*
*P.O. Box 2099*
*Pollock, Louisiana*
*71467*


## *Certificate of Service*


I, Plaintiff Marino hereby certify that this Bivens Civil Action under Bivens v, Six Unknown Agents of the Federal Bureau of Narcotics, was sent via United States Mail/Postage Prepaid on this _29_ day of _August_ 2011, to the following:

| | | |
|---|---|---|
| ***Ms. Latanau Scott,*** | ***Ronald C. Machen Jr.*** | ***Rhonda L. Campbell*** |
| ***Clerk of Courts*** | ***United States Attorney*** | ***AUSA Civil Division*** |
| Clerk's Office Room 1225 | ***District of Columbia*** | Room E-4412 |
| United States District Court | U.S. Attorneys Office | 555 Fourth Street N.W. |
| District of Columbia | 501 Third Street N.W. | Washington, D.C. |
| United States Courthouse | Washington, D.C. | 20530 |
| 333 Constitution Avenue N.W. | 20001 | |
| Washington, D.C. 20001 | | |

***Honorable Eric Holder*** Room 4400
***United States Attorney General***
Attorney Generals Office
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

***Defendants:***
***Warden W.A. Sherrod***
***Legal Advisor Jodi Wampler***
  Federal Bureau of Prisons
U.S. Department of Justice
USP Pollock
P.O. Box 2099
Pollock, Louisiana 71467

*Vincent Michael Marino*
*Vincent Michael Marino*

Exhibit

BP-A402 058
AUG 1994

**CONFISCATION AND DISPOSITION OF CONTRABAND**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

Jodi K. Wampler          USP Pollock
Signature/Printed Name of Staff Member Confiscating Property                Institution

| 1. Name: Marino, Vincent | 2 Register No.: 14431-038 | 3. Unit: C-4 | 4. Date: 8-31-10 |
|---|---|---|---|

5   The contraband listed below was found in possession of, or in the living quarters of the above named inmate on  8-31-10
    (Make a numerical list of contraband)

1.   Approx 12" documents (pending investigation - some may be returned

6   (To be completed by inmate) I have received a list of those items confiscated as contraband.  I claim ownership of the following items (identify by
    from section 5 above) Nos. 1 .  I am aware that a claim of ownership will not be accepted for any item of government property.  With
    respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of
    claimed items

    I, _____ , received a copy of this inventory on _____8-31-2010_____ .
            (Inmate's signature)                                                              Date

7   Of the contraband listed in section 5 above, the inmate has established ownership for the following (identify by number from section 5 above).
    Nos  1

    Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice.  The institution may pay for
    the mailing when the inmate has insufficient funds and no likelihood of receiving new funds.  Where the inmate is financially able to pay postage,
    out refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means,
    including destruction of the property.

    I have read or had read to me the above information.  I request the following action be taken in regards to my contraband property.

a   ___  I request the property be mailed to: _____

    _____ , I agree to pay all mailing costs.

    _____   Date: _____

b   ___  I request the institution to pay mailing costs.  I have insufficient funds in my institution account and do not expect to receive new funds.  (The
         approval of the Warden or designee is required for the institution to pay postage)

    Inmate's Signature : _____   Date: _____

c   ___  Other  (specify, e g , donate to institution)

    Inmate's Signature _____   Date: _____

8   The following contraband (identify by number from section 5 above) has been determined to be hard contraband for which no ownership has been
    established   The contraband has been disposed of by (indicate disposition/reason)
    Nos  _____

    _____          _____
    Signature/Printed Name of Staff Member Determining Method of Disposal                Date

    _____          _____
    Signature/Printed Name of Staff Member Disposing of Property                         Date

    _____          _____
    When Property is Destroyed, Signature/Printed Name of Staff Witness                  Date

(Replaces BP-402(58) of JAN 1983 )

*Exhibit*



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

*General Counsel's Office*                    *Washington, D C  20530*

FEB 1 9 2010

Vincent Michael Marino
#14431-038
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

Dear Mr. Marino:

    This responds to your August 13, 2009 letter to the <u>Attorney General of the United States, Eric H. Holder, Jr.,</u> in which you attempt to file a complaint against various federal, state, and local officials and a private corporation.  Because of the nature of your request, your letter was forwarded to the General Counsel's Office, Executive Office for United States Attorneys, Department of Justice (DOJ), for a response.

    Mr. Marino, according the court and agency documents you have provided, your allegations were previously addressed by the Office of Professional Responsibility of the DOJ, and the Office of Professional Responsibility of the Drug Enforcement Administration (DEA).  If you feel that the manner in which DOJ officials pursed this matter violated their authority, you may contact the DOJ's Office of the Inspector General (OIG), 950 Pennsylvania Avenue, NW, Room 4706, Washington, DC 20530.  Allegations of illegalities conducted by employees of the DOJ are investigated by the DOJ OIG.  The DEA should have its own separate OIG office.

    We are sorry we cannot be of further assistance in this matter.

                    Sincerely,

                    *Michelle Teplen*
                    *for Jay Macklin*

                    Jay Macklin
                    General Counsel

SUBJECT

**Administrative Remedy No. 607197-A1**
**Part B- Response**


This is in response to your Central Office Administrative Remedy
Appeal, in which you allege your outgoing legal mail was not
processed properly.  You request return of your documents.

Our review of the matter reveals the Warden and the Regional
Director adequately responded to this issue.  You were notified
that Program Statement 5800.10, Mail Management Manual, and
Program Statement 5265.11, Correspondence, articulate Bureau of
Prisons' policy regarding inmate mail.  You were also notified
your allegation was reviewed.  Records indicate you were
informed in February 2010 the Court Security Improvement Act of
2007 applies to you.  You were also notified that inmates are
prohibited from possessing Uniformed Commercial Code financing
statements or similar forms and any document that contains
unauthorized personal information.  Finally, you were notified
that the documents confiscated were prohibited by that policy.
Moreover, Program Statement 5580.07, Inmate Personal Property,
provides that staff may seize any item in the institution
identified as contraband.  Program Statement 5580.07 defines
nuisance contraband as "any item other than hard contraband,
which has never been authorized, or which may be, or which
previously has been authorized for possession by an inmate, but
whose possession is prohibited when it presents a threat to
security or its condition or excessive quantities of it present
a health, fire, or housekeeping hazard."  We find you present
insufficient evidence substantiating return of your documents,
and we conclude the confiscation of your documents was pursuant
to policy.

Based on the foregoing, your appeal is denied.

February 17, 2011
Date

Harrell Watts, Administrator
National Inmate Appeals

*See Attached*
*1 Page [Four copies of it] BP-11 #607197-A1*

U.S. Department of Justice
12-3-2010
Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From **Marino, Vincent M.**      **14431-038**   **C-4**   **USP Pollock**
LAST NAME, FIRST, MIDDLE INITIAL      REG NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** COMPLAINT Against: Jodi Wampler, Legal Advisor/USP Pollock, Louisiana for unlawfully Seizing Marino's Legal Mail Manila Envelope with Legal mail enclosed stamped with over $6.00 in United States Postage Stamps + attached Certified Mail/Return Receipt # 7009-2250-0002-8180-8330 Marked Legal Mail-Special mail sent to Partners Health Care Systems INC, Complaint against Partners whom is **Not** a Federal Judge + **Not** a Federal Employee + Marino's complaint contains a valid claim Showing this corporations Partners egregious misconduct in Marino's commercial/civil complaint. Relief Requested: Return Stamped Envelope + Legal Mail material. December 3rd, 2010. (See Attached)   Vincent Michael Marino

DATE                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

# RECEIVED

DEC 16 2010

**Administrative Remedy Section**
**Federal Bureau of Prisons**

_____
DATE

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

GENERAL COUNSEL

CASE NUMBER: **607197-A1.**

CASE NUMBER: **607197-A1.**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT _____

_____
DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
JUNE 2002

*Vincent Michael Marino*
*14431-038*
*USP Pollock*
*P.O. Box 2099*
*Pollock, Louisiana*
*71467*

"Attachment"

Harley G. Lappin
National Director
Central Office
Federal Bureau of Prisons
320 First Street N.W.
Washington, D.C. 20534

BP-11 Administrative Remedy
Request to Mr. Lappin,
National Director/Central Office
(Remedy ID # 607197-A1       .)
Date 12-3—   2010.

# COMPLAINT AGAINST JODI WAMPLER, LEGAL ADVISOR/USP POLLOCK, LOUISIANA FOR SEIZING MARINO'S LEGAL MAIL/CIVIL & COMMERICIAL COMPLAINT AGAINST PARTNERS HEALTH CARE SYSTEMS INCORORATED, ON AUGUST 31, 2010

*Affidavit of Vincent Michael Marino, via: Fed.R.Civ.P. 56(f)*

## Background

[1] On August 31, 2010, **Ms. Jodi Wampler,** negligently, unconstitutionally seized Marino's out-going "Legal Mail" $6.00 in stamps attached to manila envelope which had attached to it Certified Mail/Return Receipt #7009-2250-0002-8180-8330, marked "Legal Mail-Special Mail" & contained legal documents and addressed to Legal Counsel of Partners Health Care Systems Inc., Prudential Center 800 Boylston Street Suite 1150 Boston, Massachusetts 02199-8123, **preventing Marino's "Legal Mail" from being sent out** as well *Jodi Wampler* also confiscated additional  pending Court documents/motions with exhibits concerning Marino's pending adjudication filed under: *U.S. v. Marino, CR-97-40009-NMG., (D.Mass.Boston).*

[2] Marino filed a BP-8 & BP-9 & BP-10, to resolve the above issue requesting *Jodi Wampler* to return all 12" of Marino's legal work/legal mail as well as Marino's out-going Legal Mail which was denied. Documents supra is supported with the same facts contained in Federal Judge: Robert E. Keeton's published case law authority under *Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass/Boston 2002),* civil action # 01-cv-10116-REK., (D.Mass.Boston). **The seized documents, *is not* a lien against a federal judge or federal official & is supported with valid facts. Relief Requested:** Simply return Marino's Legal Mail/Complaint against Partners Health Care Systems Inc. Respectfully Requested By *Vincent Michael Marino*
Signed under 28 U.S.C. Section 1746:          Vincent Michael Marino

*Exhibit*

BP-A402 058
AUG 1994     CONFISCATION AND DISPOSITION OF CONTRABAND

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

Jodi K. Wampler   Jodi K. Wampler     USP
_____      Pollock
Signature/Printed Name of Staff Member Confiscating Property        Institution

| 1 Name: | 2. Register No . | 3 Unit | 4. Date: |
|---|---|---|---|
| Marino, Vincent | 14431-038 | C-4 | 8-31-10 |

5. The contraband listed below was found in possession of, or in the living quarters of the above named inmate on 8-31-10 .
   (Make a numerical list of contraband)

1. Approx 12" documents [pending investigation - some may be returned

6. (To be completed by inmate) I have received a list of those items confiscated as contraband. I claim ownership of the following items (identify by from section 5 above): Nos. 1 . I am aware that a claim of ownership will not be accepted for any item of government property. With respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of claimed items.

I, _____, received a copy of this inventory on _8-31-2010_ .
                (inmate's signature)                                                                                              Date

7. Of the contraband listed in section 5 above, the inmate has established ownership for the following (identify by number from section 5 above):
   Nos 1

   Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. The institution may pay for the mailing when the inmate has insufficient funds and no likelihood of receiving new funds. Where the inmate is financially able to pay postage, but refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means, including destruction of the property.

   I have read or had read to me the above information. I request the following action be taken in regards to my contraband property:

   a. ___ I request the property be mailed to: _____

   _____ . I agree to pay all mailing costs.

   :                            _____ Date: _____

   b. ___ I request the institution to pay mailing costs. I have insufficient funds in my institution account and do not expect to receive new funds. (The approval of the Warden or designee is required for the institution to pay postage)

   Inmate's Signature : _____ Date: _____

   c. ___ Other (specify, e.g., donate to institution)

   Inmate's Signature _____ Date: _____

8 The following contraband (identify by number from section 5 above) has been determined to be hard contraband for which no ownership has been established. The contraband has been disposed of by (indicate disposition/reason)

   Nos _____

   _____      _____
   Signature/Printed Name of Staff Member Determining Method of Disposal        Date

   _____      _____
   Signature/Printed Name of Staff Member Disposing of Property        Date

   _____      _____
   When Property is Destroyed, Signature/Printed Name of Staff Witness        Date

(Replaces BP-402(58) of JAN 1983.)

FEDERAL CORRECTIONAL COMPLEX
POLLOCK, LOUISIANA

PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #607197-F1

| Marino, Vincent | 14431-038 | C |
|---|---|---|
| INMATE NAME | REGISTER NUMBER | UNIT |

This is in response to your Request for Administrative Remedy
607197-F1, received in the Warden's Office on September 13, 2010,
wherein you state on August 31, 2010, a staff member negligently,
unconstitutionally seized out-going legal mail and confiscated
additional pending court documents/motions with exhibits concerning
your pending adjudication. You request to have this documentation
returned to you.

An investigation into this matter revealed on August 31, 2010, you
were placed on call-out per your request for Notary services. Upon
review of the document presented for notarization, it was found that
your document referenced unauthorized lien type materials. The Notary
immediately took possession of the document and gave explanation
as to why it was not suitable to be in your possession. Documents
that were authorized for your retention were returned to you. On
February 17, 2010, a memorandum was directed to the inmate population,
stating this type of documentation will be considered contraband
at FCC Pollock; therefore, will be confiscated immediately. The
confiscated materials will be stored for the appropriate amount of
time then destroyed per policy. This memorandum is in accordance
with law and will be adhered to. There is no evidence to support
your allegations of staff misconduct.

As stated in the body of the memorandum, on January 7, 2008, the
Court Security Improvement Act of 2007 added two new provisions to
the Federal Criminal Code. Title 18 U.S.C. § 1521 established a
criminal offense for filing, attempting to file, or conspiring to
file, a false lien or encumbrance against the real or personal
property of a Federal Judge or Federal law enforcement officer.
Title 18 U.S.C. § 119 established a criminal offense for making
publicly available "restricted personal information" about a "covered
person" with the intent to threaten, intimidate, or incite a crime
of violence against such person, which includes court officers,
jurors, witnesses, informants, and Federal law enforcement officers.
For purposes of each of these provisions, Bureau of Prisons staffs
are covered by the Act. When this Act was first enacted, notice was
posted to the inmate population.  Additional implementation is
required to deter criminal violations of these statutes.  Documents
which can be used to cause violations of these criminal statutes
are contraband and will not be authorized for possession; therefore,
you will not be allowed to sign or mail out the document in question.

Marino, Vincent, Reg. No. 14431-038
Administrative Remedy No. 607197-F1
Page Two


Effective February 17, 2010, all inmates at FCC Pollock are prohibited
from obtaining or possessing UCC financing statements and similar
forms.   All inmates are also prohibited from obtaining or possessing
any documents which contain unauthorized personal information,
including, but not limited to, home address, home telephone number,
social security number, personal email, or home fax number of any
jurors, witnesses, informants, or of any federal official, including,
but not limited to, Bureau of Prisons staff, United States Attorneys,
Assistant United States Attorneys, Judges, and other Federal agents.
Possession of personal information about immediate family members
of a covered person is also prohibited.   If you are found to be in
possession of these types of documents or information, the items
will be confiscated, you will be subject to inmate discipline, and
your case may be referred for possible prosecution.   You may use
the Administrative Remedy process to challenge the confiscation or
rejection of such materials.

Based on the above information, your request for Administrative
Remedy is denied.

If you are not satisfied with this decision, you may appeal to the
Regional Director at: Bureau of Prisons, South Central Regional
Office, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219.
Your appeal must be received in the South Central Regional Office
within 20 days of the date of this response.


_____                    _____
W. A. Sherrod, Complex Warden                             Date